UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MONIKA KASZAK,                                                    :
                                                                 :
                                        Plaintiff,               :
                                                                 :
                        -against-                                :
                                                                 :              **COMPLAINT**
TRATTORIA TRE COLORI INC. d/b/a                                  :
TRATTORIA TRECOLORI, FELIPE GONZALEZ,                            :
MARCO GONZALEZ, and VICTOR GONZALEZ,                             :
                                                                 :
                                        Defendants.              :
-----------------------------------------------------------------------X

Plaintiff Monika Kaszak ("Plaintiff" or "Kaszak"), by her attorneys Pechman Law

Group PLLC, complaining of Defendants Trattoria Tre Colori Inc. d/b/a Trattoria

Trecolori ("Trattoria Trecolori"), Felipe Gonzalez ("Felipe"), Marco Gonzalez ("Marco"),

and Victor Gonzalez ("Victor") (collectively, "Defendants"), alleges:

## NATURE OF THE ACTION

1.      Monika Kaszak worked both as a bartender and server for Defendants at

Trattoria Trecolori from in or about August 2013 through  February 27, 2019.

Defendants paid Kaszak shift pay of $10 or $20 per shift rather than hourly wages for

all of her hours worked, thus failing to pay Kaszak minimum wages and overtime pay

for hours worked over forty per workweek.

2.      Kaszak brings this action to recover unpaid minimum and overtime

wages, spread-of-hours pay, liquidated damages, pre- and post-judgment interest, and

attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et*

*seq*. ("FLSA"), the New York Labor Law §§ 190, 650, *et seq*. ("NYLL"), and the New

York Wage Theft Prevention Act ("WTPA").

## JURISDICTION

3.      This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Kaszak's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, because all events relevant to this action occurred at Trattoria Trecolori, which is located and operated by Defendants in the Southern District of New York.

## THE PARTIES

**Plaintiff**

5.      Kaszak resides in Hudson County, New Jersey.

6.      Kaszak was employed by Defendants as a bartender and server at Trattoria Trecolori from in or about August 2013 through February 27, 2019.

7.      Throughout her employment, Kaszak was an employee engaged in interstate commerce or in the production of goods for interstate commerce.

**Defendant Trattoria Tre Colori Inc.**

8.      Defendant Trattoria Tre Colori Inc. is a New York corporation that owns and operates Trattoria Trecolori, a two-floor Italian restaurant located at 254 W. 47th Street, New York, NY 10036.

9.      Trattoria Trecolori has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

10.      Trattoria Trecolori has had annual gross revenues in excess of $500,000 in at least one of the three years preceding the filing of this Complaint.

2

**Defendant Felipe Gonzalez**

11.     Felipe is an owner of Trattoria Trecolori.

12.     Felipe is listed as an owner of Trattoria Trecolori on the restaurant's website under the name "Phil." *See* http://www.trattoriatrecolori.com/about-us (last visited May 22, 2019).

13.     Felipe is identified as a Principal of Trattoria Trecolori on the New York State Liquor Authority Public Query Results webpage.

14.     From the beginning of Kaszak's employment for Defendants in or about August 2013 through approximately August 2017, Felipe oversaw the day-to-day operations of Trattoria Trecolori and was regularly present in the restaurant at least two days each workweek.  During this time, Felipe set employee wages and schedules, hired and fired employees, kept track of inventory and sales, and exercised authority regarding the pay practices at Trattoria Trecolori.  Felipe was also in charge of purchasing liquor and wine inventory in Trattoria Trecolori's wine cellar.

15.     From approximately September 2017 to the present, Felipe has primarily operated Tomiño, Trattoria Trecolori's Spanish "sister restaurant" in the Little Italy neighborhood of Manhattan.  Tomiño is owned and operated by Felipe, Marco, and Victor.

16.     Felipe exercised sufficient control over Trattoria Trecolori's operations and Plaintiff's employment to be considered Plaintiff's employer under the FLSA and NYLL.

**Defendant Marco Gonzalez**

17.     Marco is an owner of Trattoria Trecolori.

18.     Marco is listed as an owner of Trattoria Trecolori on the restaurant's website. *See* http://www.trattoriatrecolori.com/about-us (last visited May 22, 2019).

19.     Marco is identified as a Principal of Trattoria Trecolori on the New York State Liquor Authority Public Query Results webpage and as the Chief Executive Officer of Trattoria Tre Colori Inc. on the New York State Department of State Division of Corporations Entity Information webpage.

20.     From the beginning of Kaszak's employment for Defendants in or about August 2013 through approximately August 2017, Marco oversaw the day-to-day operations of Trattoria Trecolori and was regularly present in the restaurant at least two days each workweek.  During this time, Marco set employee wages and schedules, hired and fired employees, kept track of inventory and sales, and exercised authority regarding the pay practices at Trattoria Trecolori.  Marco was primarily responsible for the calculation of wages at Trattoria Trecolori.

21.     Marco signed employment certification letters for Kaszak as the President of Trattoria Trecolori in 2014 and 2015, and his signature appeared on the paychecks Kaszak received from Trattoria Trecolori in 2019.

22.     From approximately September 2017 to the present, Marco has primarily operated Tomiño, Trattoria Trecolori's Spanish "sister restaurant" in the Little Italy neighborhood of Manhattan.  Tomiño is owned and operated by Felipe, Marco, and Victor.

23.     Marco exercised sufficient control over Trattoria Trecolori's operations and Plaintiff's employment to be considered Plaintiff's employer under the FLSA and NYLL.

**Defendant Victor Gonzalez**

24.     Defendant Victor is an owner of Trattoria Trecolori.

25.     Victor is listed as an owner of Trattoria Trecolori on the restaurant's website.  *See* http://www.trattoriatrecolori.com/about-us (last visited May 22, 2019).

4

26. Victor is identified as a Principal of Trattoria Trecolori on the New York State Liquor Authority Public Query Results webpage.

27. Throughout Plaintiff's employment for Defendants, Victor oversaw the day-to-day operations of Trattoria Trecolori and has been regularly present in the restaurant five to six days each workweek since in or about September 2017. Victor set employee wages and schedules, hired and fired employees, kept track of inventory and sales, and exercised authority regarding the pay practices at Trattoria Trecolori.

28. Victor hired and fired Kaszak.

29. Victor signed an employment certification letter for Kaszak as an owner of Trattoria Trecolori in 2013.

30. Victor exercised sufficient control over Trattoria Trecolori's operations and Plaintiff's employment to be considered Plaintiff's employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

**Kaszak's Hours Worked and Pay**

31. In approximately August 2013, when Defendants hired Kaszak to work as a bartender at Trattoria Trecolori, Defendants required her to train at Trattoria Trecolori for approximately ten days, from either about 11:00 a.m. to 4:00 p.m. or about 4:00 p.m. to 10:00 p.m.

32. Defendants did not pay Kaszak any wages for the days she was required to train at Trattoria Trecolori. Instead, Kaszak's sole compensation during her training at Trattoria Trecolori was customer tips. With respect to her allocation of customer tips, Defendants did not permit Kaszak to retain any customer tips her first two days of training, but gradually increased her allocation until she was receiving a full bartender's tip share by the end of her ten-day training period.

5

33.     From the beginning of her employment in or about August 2013 through approximately 2017, Kaszak worked a regular schedule of five to six days per workweek, usually from approximately 4:00 p.m. to 11:00 p.m. but occasionally from 11:00 a.m. to 4:00 p.m.

34.     From in or about August 2013 through 2015, approximately two to three of Kaszak's weekly shifts were double shifts, during which she worked from approximately 11:00 a.m. to 10:30 p.m.  During this time period, Kaszak regularly worked approximately 44 to 55.5 hours per workweek.

35.     From in or about 2015 through 2016, approximately one to two of Kaszak's weekly shifts were double shifts, during which she worked from approximately 11:00 a.m. to 10:30 p.m.  During this time period, Kaszak regularly worked approximately 39.5 to 51 hours per workweek.

36.     From approximately January 2017 through July 2018, Kaszak worked a regular schedule of four days per workweek; Tuesday through Thursday from approximately 3:45 p.m. to 11:00 p.m., and Sunday from approximately 3:45 p.m. to 11:00 p.m., totaling approximately 29 hours per workweek. Occasionally during 2017, Kaszak worked double shifts, during which she worked from approximately 11:00 a.m. to 10:30 p.m.

37.     From approximately August 2018 through Defendants' termination of her employment on February 27, 2019, Kaszak worked as a server with a regular schedule of Tuesday through Thursday, from approximately 3:45 p.m. to 11:00 p.m., totaling approximately 21.75 hours per workweek.

38.     From the beginning of her employment through approximately 2016, Kaszak was regularly responsible for closing procedures at Trattoria Trecolori two to three nights per workweek.  Closing responsibilities at Trattoria Trecolori consisted of

waiting until after the dinner shift concluded and counting and dividing the collected customer tips for each eligible tipped employee together with the shift manager for the employees to pick up the next day.  On nights when she was responsible for these closing procedures, Kaszak regularly worked at Trattoria Trecolori until approximately 11:30 p.m.

39.    From approximately 2017 through the end of her employment for Defendants on February 27, 2019, Kaszak was regularly responsible for the closing procedures at Trattoria Trecolori one to two nights per workweek.

40.    Throughout Kaszak's employment for Defendants, Defendants did not allow her to take breaks unless she was working a double shift, in which case Kaszak was permitted a 10 to 15-minute lunch break in the back of the restaurant.

41.    From the beginning of her employment for Defendants through December 2018, Defendants paid Kaszak $10 per workday in cash for each workday on which she worked a single shift, *i.e.* either a lunch or a dinner shift, and either $15 or $20 per workday in cash for workdays on which she worked a double shift, *i.e.* lunch and dinner.

42.    From January 2019 through February 27, 2019, Defendants paid Kaszak $10 per hour for each hour worked by check.

43.    Defendants did not notify Kaszak of their intention to apply a tip credit to her wages, and therefore Defendants were not permitted to pay her at a reduced minimum hourly wage rate.

44.    Defendants did not pay Kaszak at the rate of one and one-half times her hourly wage rate for hours worked in excess of forty per workweek.

45.     Defendants did not compensate Kaszak with spread-of-hours pay of an additional hour's pay at the minimum wage for each day in which her workday spanned more than ten hours.

46.     From approximately August 2013 through December 2018, one of Defendant's managers at Trattoria Trecolori paid Kaszak her wages in cash each week, without accompanying wage statements accurately reflecting, *inter alia*, her regular and overtime hourly rates of pay and hours worked.

47.     Defendants failed to furnish Kaszak with wage notices at the time of her hiring or whenever there was a change in her wage rate.

### FIRST CLAIM
### (FLSA – Unpaid Minimum Wages)

48.     Plaintiff repeats and re-alleges all foregoing paragraphs as if fully set forth herein.

49.     Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiff.

50.     Plaintiff was an employee within the meaning of the FLSA.

51.     The FLSA requires that employers pay employees at least the minimum wage for each hour worked up to forty in one week.

52.     Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA because Defendants were required to, but failed to, inform Plaintiff of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m);

53.     Defendants failed to pay Plaintiff the minimum wages to which she is entitled under the FLSA.

54.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

55.     As a result of Defendants' willful violations of the FLSA's minimum wage provisions, Plaintiff suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (NYLL – Unpaid Minimum Wages)

56.     Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

57.     Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor ("NYDOL") Regulations and employed Plaintiff.

58.     Defendants failed to pay Plaintiff the minimum hourly wages to which she is entitled under the NYLL.

59.     Defendants were not eligible to avail themselves of the tipped minimum wage rate under the NYLL because Defendants were required to, but failed to, inform Plaintiff of the tip credit provisions of the NYLL and the supporting NYDOL Regulations.

60.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff the minimum hourly wage rate.

61.     As a result of Defendants' violations of the NYLL, Plaintiff is entitled to recover her unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, and post-judgment interest.

### THIRD CLAIM
### (FLSA – Unpaid Overtime Wages)

62.     Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

63.     Defendants were required to pay Plaintiff one and one-half times her regular hourly wage rate, which equaled at least the minimum wage, for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

64.     Plaintiff regularly worked over forty hours per workweek.

65.     Defendants have failed to pay Plaintiff the overtime wages to which she is entitled under the FLSA.

66.     Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

67.     Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover her unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

### FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

68.     Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

69.     Under the NYLL and supporting NYDOL Regulations, Defendants were required to pay Plaintiff one and one-half times her regular hourly rate, equal to at least the minimum wage, for all hours worked in excess of forty per workweek.

70.     Plaintiff regularly worked over forty hours per workweek.

71.     Defendants failed to pay Plaintiff the overtime wages to which she is entitled under the NYLL.

72.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

73.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover her unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

### FIFTH CLAIM
### (NYLL – Spread-of-Hours Pay)

74.     Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

75.     Defendants have willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each workday during which her shift spanned more than ten hours.

76.     By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants have willfully violated NYLL Article 19, §§ 650, *et seq.*, and the supporting NYDOL Regulations, including, but not limited to, 12 N.Y.C.R.R. § 146-1.6.

77.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

### SIXTH CLAIM
### (NYLL Wage Theft Prevention Act – Failure to Provide Wage Notices)

78.     Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

11

79.     The NYLL and the WTPA, as well as the NYLL's interpretive regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

80.     Defendants failed to furnish Plaintiff at her time of hiring, or whenever her rate of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

81.     Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

**SEVENTH CLAIM**
**(NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements)**

82.     Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

83.     The NYLL and WTPA also require employers to provide employees with an accurate wage statement each time they are paid.

84.     Defendants failed to furnish Plaintiff with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates

of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

85.     Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a.     declaring that Defendants have violated the minimum and overtime wage provisions of the FLSA, the NYLL, and the NYDOL Regulations;

b.     declaring that Defendants have violated the spread-of-hours pay provisions of the NYLL and the NYDOL Regulations;

c.     declaring that Defendants have violated the wage notice and wage statement provisions of the NYLL and WTPA;

d.     declaring that Defendants' violations of the FLSA and the NYLL were willful;

e.     enjoining future violations of the FLSA and the NYLL by Defendants;

f.     awarding Plaintiff unpaid minimum and overtime wages;

g.     awarding Plaintiff damages for unpaid spread-of-hours pay;

h.     awarding Plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due;

      i.      awarding Plaintiff statutory damages as a result of Defendants' failure to furnish wage notices and accurate wage statements with the payment of wages pursuant to the NYLL and the WTPA;

      j.      awarding Plaintiff pre- and post-judgment interest under the NYLL and 28 U.S.C. § 1961;

      k.      awarding Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

      l.      awarding such other and further relief as the Court deems just and proper.

Dated:  New York, New York
          May 22, 2019

PECHMAN LAW GROUP PLLC

By: _____
      Louis Pechman
      Gregory S. Slotnick
      488 Madison Avenue, 17th Floor
      New York, New York 10022
      Tel.: (212) 583-9500
      pechman@pechmanlaw.com
      slotnick@pechmanlaw.com
      *Attorneys for Plaintiff*