# PECHMAN LAW GROUP PLLC
## ATTORNEYS AT LAW

**488 MADISON AVENUE**
**NEW YORK, NEW YORK 10022**
**(212) 583-9500**
**WWW.PECHMANLAW.COM**

January 21, 2020

**VIA ECF**

Hon. James L. Cott
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1360
New York, New York 10007

      Re:  *Kaszak v. Trattoria Tre Colori Inc. et al.*
           No. 19 Civ. 4723 (JLC)

Dear Judge Cott:

    Plaintiff Monika Kaszak ("Kaszak" or "Plaintiff") and Defendants Trattoria Tre Colori Inc. d/b/a Trattoria Trecolori ("Trattoria Trecolori"), Felipe Gonzalez, Marco Gonzalez, and Victor Gonzalez (together, "Defendants") (collectively, the "Parties") jointly submit this letter-motion requesting approval of the enclosed Settlement Agreement.

## PROCEDURAL HISTORY

    Kaszak filed this action on May 22, 2019, asserting claims against Defendants for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL"). Kaszak also asserted claims for spread-of-hours pay, liquidated damages, interest, and attorneys' fees and costs under the NYLL, as well as statutory damages for Defendants' failure to provide her with wage notices and accurate wage statements pursuant to the NYLL and the NYLL's Wage Theft Prevention Act ("WTPA"). Defendants deny Plaintiff's allegations.

    After exchanging paper discovery, including all available time, tip, and payroll records allegedly reflecting Plaintiff's time worked and Defendants' payment of Plaintiff's wages, and engaging in a mediation with Your Honor on December 9, 2019, the Parties agreed to settle their disputes in principle for $120,000 (the "Settlement Sum"). Pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), counsel for the Parties submit this joint letter-motion with the enclosed executed Settlement Agreement for the Court's approval and a proposed order dismissing this

case.

## FACTUAL ALLEGATIONS

Trattoria Trecolori is an Italian restaurant in the Theater District of Manhattan serving traditional Italian cuisine. Kaszak worked for Defendants at Trattoria Trecolori as a server and bartender from August 2013 through February 27, 2019.

Plaintiff alleges that Defendants: (1) failed to pay her minimum wages equaling at least the statutory minimum wage rate; (2) failed to pay her overtime wages of time and one-half her regular rate of pay for hours worked over forty per workweek; (3) failed to pay her spread-of-hours pay; (4) failed to provide her with wage notices upon hiring and whenever her pay rates changed; and (5) failed to furnish her with accurate wage statements with each payment of her wages.

In their Answer, Defendants denied the substantive factual allegations, claiming that they acted in good faith believing their actions complied with all applicable federal and state labor laws, that they paid proper minimum and overtime wages and spread-of-hours pay, and accurate wage statements and wage notices as required by the WTPA. In support of their defenses, Defendants produced timecards reflecting that Plaintiff did not work as many hours as alleged in the Complaint, as well as weekly schedule spreadsheets and paystubs for Plaintiff.

## THE SETTLEMENT AGREEMENT IS FAIR AND REASONABLE

To determine whether an FLSA Settlement Agreement should be approved as fair and reasonable, courts in the Second Circuit consider the totality of the circumstances, including the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quotations omitted).

"Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Martinez v. Hilton Hotels Corp.*, No. 10 Civ. 7688 (JLC), 2013 WL 4427917, at *2 (S.D.N.Y. Aug. 20, 2013) (quoting *Garcia v. Bae Cleaners Inc.*, No. 10 Civ. 7804 (KBF), 2012 WL 1267844, at *1 (S.D.N.Y. Apr. 12, 2012)). "Generally, there is a strong

presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.)

The parties discussed in depth the strengths and weaknesses of Plaintiff's case, including Defendants' position that although Plaintiff was paid per shift worked rather than hourly wages until January 2019, they supplemented a portion of Plaintiff's house pay based on a percentage of her tips received, throughout settlement discussions and the settlement conference on December 9, 2019. To prove that Defendants paid Plaintiff by shift, Plaintiff pointed to Defendants' own documents which identified shift pay of either $10, $15, or $20 per shift worked. Plaintiff also noted that Defendants failed to produce any WTPA notices for Plaintiff. Defendants replied that Plaintiff did not work as many hours or shifts as she claimed to have worked, and that Trattoria Trecolori was not as busy with customers as Plaintiff alleged to warrant the number of hours she claims to have worked each week. Defendants claim that Plaintiff was paid for all of her hours worked pursuant to their "supplemental house pay" policy.

Assuming Plaintiff prevailed on all of her claims at trial, her highest possible damages based on her Complaint would be $238,958.45. Of this amount, $98,875.81 is unpaid wages, $98,875.81 is liquidated damages under the NYLL, $10,000 is WTPA damages, and $31,206.83 is interest. However, assuming a jury credited Defendants' position on Plaintiff's hours worked and "supplemental house pay" practice, Plaintiff's highest possible damages would be significantly lower than the Settlement Sum. The Settlement Sum of $120,000 represents an extremely robust recovery, especially considering the entire Settlement Sum is scheduled to be paid by June 13, 2020.

To avoid the risks and expenses inherent in continuing litigation, the Parties agreed to resolve their disputes as set forth in the Settlement Agreement. The Settlement Agreement provides Plaintiff with a reasonable recovery in light of the difference between her highest possible damages as calculated by the Parties. Indeed, even after deducting attorneys' fees and costs, Plaintiff will receive $79,563.20 of the Settlement Sum, amounting to approximately 80% of her unpaid wages if she were fully successful at trial. This percentage is amply fair and reasonable. *See, e.g.*, *Angamarca v. Hud-Moe LLC*, No. 18 Civ. 1334 (RA), at *2 (S.D.N.Y. Dec. 17, 2018) (approving settlement under which plaintiff would receive "approximately 25% of [his] total conceivable damages" as "fair and reasonable both as a percentage and 'in light of the legal and evidentiary challenges that would face the plaintiff[] in the absence of settlement'") (quoting *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016). Notably, the payment that Plaintiff will receive far exceeds her highest possible recovery if a jury credited Defendants' allegations.

Pursuant to the Settlement Agreement, Defendants will pay the Settlement Sum in installments:

- $60,000 by February 13, 2020; and
- $15,000 in four monthly installments, with each payment being made by the

    thirteenth day of each month following February 2020 (March 13, 2020 through June 13, 2020).

  To help ensure payments to Plaintiff, Defendants have executed an Affidavit of Confession of Judgment to be entered if they default. The release contained in the Settlement Agreement is limited to Plaintiff's wage-and-hour claims. *See Gallardo v. PS Chicken Inc.*, No. 17-CV-3702 (RML), 2018 WL 1251980, at *1–2 (E.D.N.Y. Mar. 8, 2018) (rejecting overbroad release); *Cohetero v. Stone & Tile, Inc.*, No. 16-CV-4420, 2017 WL 9989616, at *1 (E.D.N.Y. June 12, 2017) (recommending approval of release in FLSA settlement limited to wage-and-hour claims). The Settlement Agreement contains no confidentiality provision. *See id.* (noting that agreement complied with *Cheeks* because it did not "impose a duty of confidentiality"). Further, the mutual non-disparagement provision of the Settlement Agreement contains a carve-out for truthful statements. *See Howard v. Don Coleman Advert. Inc.*, No. 16-CV-5060 (JLC), 2017 WL 773695, at *2 (S.D.N.Y. Feb. 28, 2017) (finding that "if the [mutual non-disparagement] provision would bar plaintiffs from making any negative statement about the defendants, it must include a carve-out for truthful statements about plaintiffs' experience litigating their case.") (internal citations omitted).

  The proposed Settlement Agreement resolves *bona fide* disputes over sharply contested issues regarding Plaintiff's weekly hours worked and wages earned. Prior to agreeing to the Settlement Sum, the Parties conducted a thorough investigation, evaluated all claims and defenses, discussed the valuation of damages, applicable legal precedent, and Defendants' ability to withstand a significant judgment, and negotiated in good faith during a settlement conference with Your Honor.

  Both Parties' attorneys are experienced and conducted negotiations at arm's-length and in good faith, thereby preventing the possibility of any fraud or collusion. Moreover, considering the early procedural posture of this case, the Parties stand to incur significant costs and legal fees in continuing litigation. By settling now, they avoid those costs and the risks of litigation. In view of the foregoing, the Court should approve the Settlement Agreement as fair and reasonable. *See Wolinsky*, 900 F. Supp. 2d at 335.

## ATTORNEYS' FEES

  Pursuant to the retainer agreement between Plaintiff and counsel, Plaintiff's counsel's fees are $40,436.80, which equals 33.3% of the Settlement Sum after reimbursement of costs totaling $655.20 incurred in the prosecution of this action.[1] As Pechman Law Group PLLC ("PLG") took this matter on a contingency, and the attorneys' fees reflect the 33.3% contingency agreed to by Plaintiff, the proposed attorneys' fees should be awarded as it was the agreed-upon fee between Plaintiff and her counsel. *In re Lawrence*, 24 N.Y.3d 320, 339 (2014) ("Absent incompetence, deception or overreaching,

---

[1] Costs incurred are $400.00 for the Court's filing fee, $220.00 for service of process fees on the four Defendants (ECF Nos. 12–15), and $35.20 for 352 pages printed for service of process on Defendants. Copies of invoices for these costs will be provided if required by the Court.

contingent fee agreements that are not void at the time of inception should be enforced as written."). Moreover, the one-third contingency is the fee which courts consider to be presumptively fair in FLSA cases. *See, e.g.*, *Garcia v. Good for Life by 81, Inc.*, No. 17 Civ. 7228 (BCM), 2018 WL 3559171, at *3 (S.D.N.Y. July 12, 2018) ("[A]ttorneys' fee awards of one third or less of the total settlement amount are frequently accepted in this District."); *Benavides v. Serenity Spa NY Inc.*, No. 15 Civ. 9189 (JLC), 2018 WL 2383144, at *4 (S.D.N.Y. May 25, 2018) (finding wage-and-hour cases "typically result in one-third of the settlement allotted for [attorneys'] fees."); *Calle v. Elite Specialty Coatings Plus, Inc.*, No. 13 Civ. 6126 (NGG) (VMS), 2014 U.S. Dist. LEXIS 164069, at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.").

Although the lodestar in this matter is less than the contingency fee,[2] the award is fair and reasonable in light of all of the relevant factors, including the "considerable risk" PLG accepts by taking FLSA cases on a contingency fee basis. See, e.g., Cortes v. New Creators, Inc., No. 15-CV-5680 (PAE), 2016 WL 3455383, at *9 (S.D.N.Y. June 20, 2016) (noting the risks associated with contingent fees in FLSA cases) (collecting cases). In this regard, PLG notes that in several cases the fees obtained by PLG was only a fraction of the lodestar or nothing at all. *See Santana v. El Conde Steakhouse Corp.*, No. 12 Civ. 8392 (VSB), at *3 (S.D.N.Y. Nov. 24, 2015) (Broderick, J.) (approving attorneys' fees of $23,332, which represents "significantly less than the $78,870.50 Plaintiffs' attorneys would be due under the lodestar."); *Valdovinos v. Spunky Rest. Corp.*, No. 14 Civ. 3606 (KPF) (DCF) (S.D.N.Y. 2015) (default on settlement agreement resulted in no attorneys' fees for PLG where lodestar was $28,319.20); *Hoxha v. Grand Fia Inc.*, No. 15 Civ. 2962 (JLC) (S.D.N.Y. 2015) (resulting in attorneys' fees of $26,498.28 for PLG, even though lodestar was over $114,000); *Dias, et al. v. PS Brothers Gourmet, Inc., et al.*, No. 150259/2015, 2017 WL 3592441 (Sup. Ct. N.Y. Co. August 21, 2017) (judgment of over $1.4 million awarded to plaintiffs, including $34,000 in attorneys' fees, that is uncollectible due to closure of business and defendants' default); *In re: Village Red Restaurant Corp.*, No. 18-bk-10960 (S.D.N.Y. Bankruptcy) and *In re Nicholas Serafis,* 18-bk-1044 (E.D.N.Y. Bankruptcy) (where PLG has not recovered any of over $350,000.00 in attorneys' fees due to individual and corporate entity filing for bankruptcy).

## CONCLUSION

The Parties agree that the Settlement Agreement is fair and reasonable and should be approved. This settlement will enable the Parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses in further litigation. Continuing through discovery and trial would consume significant amounts of time and resources and demand substantial judicial resources. Depositions and a trial would be costly for all parties and could lead to the depletion of the resources used to resolve this matter.

---

[2] PLG's lodestar to date is $24,555.20. A copy of the contemporaneous billing records is enclosed for the Court's review. We reviewed the contemporaneous billing records and removed any and all charges for time spent that could be considered duplicative of another billed task or reduced any time charged that could be considered excessive for the particular task.

We thank the Court for its time and consideration of this matter.

Respectfully submitted,

Louis Pechman

cc: Counsel for Defendants (via ECF)

Enclosures