## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between Monika Kaszak ("Plaintiff") and Trattoria Tre Colori Inc. d/b/a Trattoria Trecolori ("Trattoria Trecolori"), Felipe Gonzalez, Marco Gonzalez, and Victor Gonzalez (collectively, "Defendants"). Plaintiff and Defendants are collectively referred to in this Agreement as the "Parties."

## RECITALS

**WHEREAS**, on May 22, 2019, Plaintiff, through her counsel, Pechman Law Group PLLC, commenced an action against Defendants by filing a complaint (the "Complaint") in the United States District Court, Southern District of New York (the "Court"), Docket No. 1:19–cv–04723–AJN (the "Action"), alleging, *inter alia*, that she worked for Defendants as both a server and bartender; that Defendants failed to pay her minimum and overtime wages throughout her employment; that Defendants failed to pay her spread-of-hours pay throughout her employment; that she regularly worked in excess of forty hours per workweek; and that she was not provided with wage statements with each payment of wages or with wage notices upon hiring and whenever her rate of pay changed;

**WHEREAS**, Plaintiff claims that, upon the facts alleged in the Complaint, she is entitled to recover from Defendants unpaid minimum and overtime wages, spread-of-hours pay, statutory damages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs (collectively, the "Claims") pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL"), and the New York Wage Theft Prevention Act ("WTPA");

**WHEREAS**, Defendants deny the allegations asserted by Plaintiff in her Complaint and deny that they have violated any applicable law, rule, regulation or statute;

**WHEREAS,** the Parties have exchanged information relating to the Claims in this Action, such as payroll, tip and time records, such that they have adequate information to assess the appropriateness of this Agreement and the merits of the Claims and Defendants' defenses;

**WHEREAS,** the Parties, with counsel, negotiated in good faith and at arm's length during a settlement conference before United States Magistrate Judge James L. Cott on December 9, 2019, and, shortly thereafter, agreed on the key terms of settlement; and

**WHEREAS,** the Parties desire to resolve and settle the Action and the Claims in an amicable manner without the expense of further litigation;

**NOW, THEREFORE,** in consideration of the mutual covenants and promises contained in this Agreement and for other good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree to the terms

below as full and complete settlement of the Action and the Claims, subject to Court approval pursuant to applicable provisions of federal, state, and/or local law:

1.      **Settlement Amount**

In full and final settlement of the Action, and in consideration for the release contained in Section 4 of this Agreement, Defendants, jointly and severally, shall make a total payment of One-Hundred-Twenty Thousand Dollars and Zero Cents ($120,000.00) (the "Settlement Amount"), according to the following payment terms:

i.      A total aggregate payment of Seventy-Nine Thousand Five Hundred Sixty-Three Dollars and Twenty Cents ($79,563.20) by checks payable to "Monika Kaszak".

ii.      A total aggregate payment of Forty Thousand Four Hundred Thirty-Six Dollars and Eighty Cents ($40,436.80) by checks payable to "Pechman Law Group PLLC", which shall represent attorneys' fees and costs.

2.      **Tax Withholding**

For purposes of tax withholding, 50% of each payment to Plaintiff shall be deemed wage income subject to IRS Tax Form W-4 and 50% of each payment to Plaintiff shall be deemed non-wage income in the form of alleged liquidated damages and interests subject to IRS Tax Form W-9.   Defendants shall deduct all required taxes from the aforementioned wage payments and shall pay the applicable employer's portion of the taxes due.   Plaintiff shall be responsible for her share of all taxes, if any, due as a result of payments made to her under this Agreement.   Defendants shall provide Plaintiff with W-2 and 1099 tax forms, as required by law. Defendants shall make all payments to Plaintiff's counsel, Pechman Law Group PLLC ("PLG"), without any deductions or withholdings, subject to IRS Tax Form W-9.

3.      **Payment and Allocation Schedule**

a.   The Settlement Amount will be allocated as follows:

| Payment Due Date | Total Amount Due | Amounts Payable to Plaintiff & Counsel |
|---|---|---|
| February 13, 2020 | $60,000.00 | • "Monika Kaszak" subject to withholding, and reported on an IRS W-2 Form: $19,781.60<br>• "Monika Kaszak" not subject to withholding and reported on an IRS Form 1099: $19,781.60<br>• "Pechman Law Group PLLC": $20,436.80 |
| March 13, 2020 | $15,000.00 | • "Monika Kaszak" subject to withholding, and reported on an IRS W-2 Form: $5,000.00<br>• "Monika Kaszak" not subject to withholding and reported on an IRS Form 1099: $5,000.00 |

| | | |
|---|---|---|
| | | • Pechman Law Group PLLC: $5,000.00 |
| April 13, 2020 | $15,000.00 | • "Monika Kaszak" subject to withholding, and reported on an IRS W-2 Form: $5,000.00<br><br>• "Monika Kaszak" not subject to withholding and reported on an IRS Form 1099: $5,000.00<br><br>• Pechman Law Group PLLC: $5,000.00 |
| May 13, 2020 | $15,000.00 | • "Monika Kaszak" subject to withholding, and reported on an IRS W-2 Form: $5,000.00<br><br>• "Monika Kaszak" not subject to withholding and reported on an IRS Form 1099: $5,000.00<br><br>• Pechman Law Group PLLC: $5,000.00 |
| June 13, 2020 | $15,000.00 | • "Monika Kaszak" subject to withholding, and reported on an IRS W-2 Form: $5,000.00<br><br>• "Monika Kaszak" not subject to withholding and reported on an IRS Form 1099: $5,000.00<br><br>• Pechman Law Group PLLC: $5,000.00 |

b.      All checks specified above shall be delivered to PLG at the address reflected in Section 15 below.

c.      If Defendants fail to make timely any of the installment payments set forth in Section 3(a) above, or if any payment check fails to clear (*i.e.*, bounces) for any reason, PLG shall provide a notice to cure to Defendants' counsel by e-mail.  Defendants shall cure the default within ten (10) calendar days from and including the date on which the notice was sent (the "Cure Period").  Defendants agree that if they fail to cure the default within the Cure Period, all outstanding and unpaid installment payments under this Agreement will become due immediately at the end of the Cure Period, plus liquidated damages equal to Fifteen Thousand Dollars and Zero Cents ($15,000.00).  Furthermore, Plaintiff shall also be entitled to recover from Defendants all of her reasonable attorneys' fees and costs incurred in any action to enforce the payment terms in Paragraph 3 of the Agreement.

d.      Defendants Felipe Gonzalez, Marco Gonzalez, and Victor Gonzalez, personally and on behalf of Trattoria Trecolori, shall execute a Confession of Judgment, annexed to this Agreement as Exhibit B, entitling Plaintiff to recover from Defendants jointly and severally: (i) all outstanding unpaid amount(s) of the Settlement Amount; (ii) liquidated damages equal to Fifteen Thousand Dollars and Zero Cents ($15,000.00); and (iii) reasonable attorneys' fees and costs incurred by Plaintiff in any action or proceeding to enforce the payment terms of the Agreement.  Defendants shall deliver to PLG the executed and notarized original Confession of Judgment contemporaneously with

3

Defendants' execution of this Agreement. PLG shall hold the Confession of Judgment in escrow and will only file it if Defendants fail to comply with the payment of any part of the Settlement Amount and fail to cure such default within the Cure Period, as set forth in Section 3(c) above. Upon receipt of all payments set forth above, totaling the full Settlement Amount, PLG shall destroy the Confession of Judgment.

4.      **Release of Wage and Hour Claims**

In consideration for the promises and actions of Defendants set out in this Agreement, Plaintiff waives, releases, satisfies, and discharges, on her own behalf and on behalf of anyone who could claim by and through her, Defendants, including their officers, directors, shareholders, members, agents, attorneys, insurers, representatives, successors, and assigns, of and from the Claims and any and all other claim that was or could have been brought in the Action for unpaid salaries, minimum and/or overtime wages, hours worked, spread-of-hours pay, liquidated damages, interest, statutory damages, attorneys' fees and costs, unlawful deductions, withheld tips, and/or any other benefits, earnings, or back pay of any kind under the FLSA, the NYLL, the WTPA, their respective interpretative and implementing regulations, and any other local, state, or federal statute, code, or ordinance concerning the payment and/or receipt of wages. This Agreement constitutes a full accord, satisfaction, and settlement of the claims settled, released, and waived in this Section and further constitutes a sufficient basis for immediate dismissal of such released claims asserted by Plaintiff against Defendants in any future action. Excepted from this release is any claim or right that cannot be waived by law, including claims arising after the date of this Agreement (including claims to enforce this Agreement) and the right to file a charge with or participate in an investigation conducted by the Equal Employment Opportunity Commission and/or a state administrative agency.

5.      **Mutual Non-Disparagement**

Plaintiff agrees that she shall not disparage Defendants, their affiliates, principles, management, employees, products or services in any manner, forum, or form, whether electronic or otherwise. Defendants Felipe Gonzalez, Marco Gonzalez, and Victor Gonzalez agree that they shall not disparage Plaintiff in any manner, forum or form, whether electronic or otherwise. As used in this paragraph, the term "disparage" includes, without limitation, comments or statements to the press or to any individual or entity which could adversely affect the reputation or interests of any Party, as well as any statements or postings on any social networking or other internet website. Notwithstanding the foregoing, nothing in this mutual non-disparagement clause shall prohibit Plaintiff or Defendants from making truthful statements about their experience litigating this lawsuit.

6.      **Stipulation of Dismissal**

Following the execution of this Agreement by each of the Parties, the Parties' attorneys shall present this Agreement, along with the proposed Stipulation and Order of Dismissal with Prejudice (the "Order"), annexed as Exhibit "A," to the Court for review and approval. Counsel for the Parties shall cooperate and take all necessary steps to arrange for the Court's approval of the Agreement and entry of the Order.

7.      **Non-Admission of Liability**

Defendants do not admit any violation of law or any liability to Plaintiff as a result of or arising out of the matters set forth in the Complaint in the Action.

8.      **Attorneys' Fees and Costs**

Plaintiff acknowledges that the attorneys' fees and costs allocated in this Agreement are fair and reasonable and in accordance with the Retainer Agreement executed by the Plaintiff in this case.

9.      **Applicable Law; Forum Selection**

This Agreement shall be governed by and construed in accordance with the laws of the State of New York without reference to its conflicts or choice of laws principles. The Parties consent to the jurisdiction of this Court for any litigation concerning or arising out of the terms of this Agreement or the Parties' performance of its terms.  As part of this Agreement, the Parties jointly request that the Court retain jurisdiction of the Action for the sole purpose of enforcing the terms of this Agreement.

10.     **Signatures in Counterparts**

This Agreement can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all Parties had the same signature page.  A facsimile copy, or Adobe PDF, of any Party's signature shall be deemed as legally binding as the original signatures.

11.     **Voluntary Agreement**

Plaintiff represents and warrants that she has entered into this Agreement of her own free will and accord, not subject to coercion or undue influence.  Plaintiff further represents and warrants that she is satisfied with the legal representation and services received from her attorneys, PLG, and believes that the Settlement Amount and its distribution, as set forth in Section 2 above, represents a fair and reasonable compromise of the disputes in the Action.

12.     **Entire Agreement**

This Agreement sets forth the entire agreement between the Parties, and fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter hereof.

13.     **No Severability**

If any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, this entire Agreement is thereby rendered illegal and invalid *ab initio*.

14.     **Non-Waiver/No Modification**

This Agreement may be amended, revoked, changed, or modified only upon a written agreement executed by all Parties. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the Party against whom such waiver is charged.

15.     **Notices**

Any Section of this Agreement that calls for notice to be sent to Plaintiff or Defendants shall be sent via email using the addresses and contact information below, unless a Party designates another address or different contact information in writing:

If to Plaintiff:

Louis Pechman, Esq.
Pechman Law Group PLLC
488 Madison Avenue, 17th Floor
New York, NY 10022
Fax: (212) 409–8763
pechman@pechmanlaw.com

If to Defendants, notice to:

Leo Dorfman, Esq.
Sokoloff Stern LLP
179 Westbury Avenue
Carle Place, NY 11514
Fax: (516) 334–4501
ldorfman@sokoloffstern.com
and to:

Michael J. Paleudis, Esq.
Paleudis Law Firm, LLC
225 West 34th Street, Suite 2205
New York, NY 10122
(212) 837-8482 (D)
(212) 835-6768 (O)
(212) 835-6769 (F)
 mjp@paleudislaw.com

16.     **Plaintiff understands, represents, and agrees that she:**

a.      **has carefully reviewed and fully understood every provision of this Agreement prior to executing it;**

b.      **is, through this Agreement, releasing Defendants from any and all wage and hour claims, including the Claims in the Action, that Plaintiff has or may have against them relating to her employment or her separation from employment with Defendants;**

c. knowingly and voluntarily intends to be legally bound by all of the terms set forth in this Agreement; and

d. was advised to consider the terms of this Agreement with counsel and has consulted with counsel prior to executing this Agreement.

**Plaintiff:**

**Defendants:**

Trattoria Tre Colori Inc. d/b/a Trattoria Trecolori

Monika Kaszak

By: _____

Title: _____PRESIDENT_____

Dated: ____01 / 21 /____, 2020

Dated: _____0/14_____, 2020

Felipe Gonzalez

Dated: _____1/14_____, 2020

Marco Gonzalez

Dated: ___01/14/2020___, 2020

Victor Gonzalez

Dated: ___1/14/ 2020___, 2020

7

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MONIKA KASZAK,                                        :
                                                      :
                         Plaintiff,                   :
                                                      :
            -against-                                 :
                                                      :        19 Civ. 4723 (JLC)
TRATTORIA TRE COLORI INC. d/b/a                       :
TRATTORIA TRECOLORI, FELIPE GONZALEZ,                 :
MARCO GONZALEZ, and VICTOR GONZALEZ,                  :
                                                      :
                         Defendants.                  :
------------------------------------------------------------------X

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

**WHEREAS,** on May 22, 2019, Plaintiff filed a Complaint, which asserts claims for, *inter alia*, failure to pay minimum and overtime wages, spread-of-hours pay, and statutory and liquidated damages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and/or the New York Labor Law;

**WHEREAS,** the parties reached a settlement of this action and Plaintiff's claims through arm's-length negotiations following a settlement conference before United States Magistrate Judge James L. Cott on December 9, 2019, and have entered into a Settlement Agreement and Release (the "Agreement"), formally memorializing the parties' settlement;

**WHEREAS,** the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia*, bona fide disputes over a provision(s) of the FLSA, the New York Labor Law, and/or time worked; and

**WHEREAS,** this Court shall retain jurisdiction to enforce the terms of the Agreement;

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel for the Parties, that this action be hereby dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. A copy of the signatures on this Stipulation serve the same purposes as an original signature.

Dated: New York, New York
      January 16, 2020

PECHMAN LAW GROUP PLLC

By: _____
    Louis Pechman, Esq.
    488 Madison Avenue, 17th Floor
    New York, NY 10022
    Tel.: (212) 583–9500
    *Attorneys for Plaintiff*

SOKOLOFF STERN LLP

By: _____
    Leo Dorfman, Esq.
    179 Westbury Avenue
    Carle Place, NY 11514
    Tel.: (516) 334–4501
    *Attorneys for Defendants*

SO ORDERED.

_____
James L. Cott, U.S.M.J.

2

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- X
MONIKA KASZAK,                    :

                                 :

               Plaintiff,      :

                                 :     **AFFIDAVIT OF**

     -against-                :     **CONFESSION OF**

                                 :     **JUDGMENT ON BEHALF**

TRATTORIA TRE COLORI INC. d/b/a    :     **OF DEFENDANTS**

TRATTORIA TRECOLORI, FELIPE GONZALEZ,  :

MARCO GONZALEZ, and VICTOR GONZALEZ,  :

                                 :

               Defendants.   :
----------------------------------------------------------------------- X

STATE OF NEW YORK    )
                       ) ss:
COUNTY OF NEW YORK )

Marco Gonzalez, being duly sworn, deposes and says:

1.     I, Marco Gonzalez, am an owner of Trattoria Tre Colori Inc. d/b/a Trattoria Trecolori ("Trattoria Trecolori").

2.     I reside at 13 Woodland Dr., Rye Brook, NY 10573.

3.     I am duly authorized to make and sign this Affidavit of Confession of Judgment on my own behalf and on behalf of Defendants Trattoria Trecolori, Felipe Gonzalez, and Marco Gonzalez.

4.     I, Marco Gonzalez, together with Defendants Felipe Gonzalez and Victor Gonzalez, hereby confess judgment and authorize entry of judgment against myself, Felipe Gonzalez, Victor Gonzalez, and Trattoria Trecolori (collectively, "Defendants"), jointly and severally, in favor of Plaintiff Monika Kaszak in New York County and Westchester County, the County where I reside, for the total sum of $_____, which amount is to be inserted by Plaintiff, pursuant to the terms of the Settlement Agreement and Release (the "Settlement Agreement"), entered into and signed by Plaintiff and Defendants in the above-captioned proceeding,

together with Plaintiff's reasonable attorneys' fees incurred in entering and enforcing the judgment accrued.

5.      This Confession of Judgment is for a debt justly due to Plaintiff pursuant to the parties' Settlement Agreement.

6.      The Settlement Agreement arises out of the above-captioned action, which was settled pursuant to a written agreement approved by the United States District Court, Southern District of New York.

7.      I hereby represent my understanding that upon Defendants' breach and failure to cure such breach of the Settlement Agreement, Plaintiff shall have the unqualified right to cause this Confession of Judgment to be docketed and entered in this Court, or in any court of competent jurisdiction in the State of New York, or with any County Clerk's Office of competent jurisdiction, as a judgment against Defendants, jointly and severally, against all property, of any kind, in which I, Marco Gonzalez, Victor Gonzalez, and/or Trattoria Trecolori, collectively or individually, have any ownership interest.

8.      The original of this Affidavit of Confession of Judgment shall remain in the possession of Plaintiff's counsel, Pechman Law Group PLLC, and the original shall be destroyed upon completion of the payment obligations contained in the annexed

Agreement and Release.

_____
Marco Gonzalez, personally and on behalf of
Trattoria Tre Colori Inc. d/b/a Trattoria Trecolori

Sworn to and subscribed before me this
_____ day of January 2020

_____
NOTARY PUBLIC

**TASHEEM COVINGTON**
Notary Public - State of New York
No. 01CO6394440
Qualified in Kings County
My Commission Expires July 09, 2022

3